IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DHC CORPORATION and DHC USA INCORPORATED, | : Civil Action No. 1:24-CV-02245 |
| Plaintiffs, | : |
| v. | : |
| FORAH, LLC, | : |
| Defendant. | : Judge Jennifer P. Wilson |

### MEMORANDUM

In this action, DHC Corporation and its American affiliate DHC USA Incorporated (collectively, "DHC"), are suing Defendant, Forah, LLC ("Forah"), for trademark infringement and unfair competition under the Lanham Act—15 U.S.C. §§ 1114, 1125—and Pennsylvania state law. (Doc. 1.) Before the court is DHC's unopposed motion for default judgment, which seeks a permanent injunction. (Doc. 28.) For the reasons that follow, Plaintiff has established that it is entitled to such relief, and the court will grant Plaintiffs' motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

DHC is in the business of selling "personal care products, beauty supply products, and cosmetics." (Doc. 1, ¶ 11.) Among these is a product line that DHC markets as "DEEP CLEANSING OIL," a facial cleanser and make-up remover. (*Id.* ¶ 13.) DHC owns registered trademarks for "DEEP CLEANSING OIL" with

1

respect to facial cleansers and makeup removers. (*Id.* ¶ 14; Doc. 1-2.)[1] DHC avers that its "DEEP CLEANSING OIL" has become "[a] popular and well-known product line" made from "a unique water-soluble formula… with antioxidant-rich oils." (Doc. 1, ¶ 13.)

Forah is similarly in the business of selling skincare products. (*See id.* ¶ 18.) One of its products is a cleanser that Forah markets as "Deep Cleansing Oil." (*Id.* ¶ 19; Doc. 1-3, p. 4.) Forah sells its "Deep Cleansing Oil" in the same channels of trade as DHC's "DEEP CLEANSING OIL." (Doc. 1, ¶ 20.) Thus, the products "are likely to be displayed to customers under circumstances giving rise to a perception that the goods emanate from the same source." (*Id.*) DHC notified Forah of its trademark-infringing conduct via four cease-and-desist letters sent between July and November 2024. (Doc. 1-4.) In each letter, DHC demanded that Forah cease use of the "DEEP CLEANSING OIL" mark and "confusingly similar marks." (*Id.* at 1, 4, 7, 9.) Forah did not respond to any of the letters. (Doc. 1, ¶ 23.) This suit followed.

DHC filed its complaint on December 27, 2024. (Doc. 1.) The complaint was served on Forah on March 12, 2025. (Doc. 21, ¶ 3.) Forah has yet to answer the complaint. DHC sought entry of default against Forah on April 8, 2025, and default was entered the next day. (Docs. 23 & 24.) DHC's instant motion for

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

default judgment along with a memorandum in support followed on May 19, 2025. (Docs. 28 & 29.) Forah did not respond to DHC's motion. The motion is, therefore, ripe for review.

## JURISDICTION

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the case arises under the laws of the United States. The court has supplemental jurisdiction over DHC's state law claims pursuant to 28 U.S.C. § 1367(a), because they are substantially related to its federal claims. Venue here is proper pursuant to 28 U.S.C. § 1391(b).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 permits courts to enter a default judgment following an entry of default. FED. R. CIV. P. 55(b)(2). Parties seeking default judgment, however, are not entitled to it *per se*. *BMO Harris Bank N.A. v. JRD Trucking, LLC*, No. 3:21-cv-02161, 2022 WL 18635326, at *3 (M.D. Pa. Sept. 13, 2022). Rather, entering a default judgment "is left primarily to the discretion of the district court." *Bugg v. Just Wing It, LLC*, No. 18-cv-02399, 2020 WL 1675953, at *2 (M.D. Pa. Apr. 6, 2020) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3rd Cir. 1984)). Three factors guide the court's exercise of discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is

due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3rd Cir. 2000). In considering these factors, the court proceeds knowing "the factual allegations in the complaint are treated as proven, except for the contentions related to damages." *Bugg*, 2020 WL 1675953, at *3 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3rd Cir. 1990)). The *Chamberlain* analysis is not, however, the sole consideration. The court also must be satisfied that the "unchallenged facts constitute a legitimate cause of action." *United States v. Kline*, 18-cv-02174, 2019 WL 1354150, at *2 (M.D. Pa. Mar. 26, 2019) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 2007)).

## DISCUSSION

### A. Default Judgment is Warranted

The court first considers whether DHC's complaint states sufficient facts to establish the causes of action it levels against Forah, which are trademark infringement in violation of 15 U.S.C. § 1114 and Pennsylvania common law, as well as unfair competition in violation of 15 U.S.C. § 1125 and Pennsylvania common law. (Doc. 1, ¶¶ 26–61.) The court analyzes DHC's state and federal claims under the same standard. "[T]he test for [Pennsylvania] common law trademark infringement and unfair competition is essentially the same as the test for infringement and unfair competition under the Lanham Act." *Giannone v.*

*Giannone*, 429 F. Supp. 3d 34, 39 (E.D. Pa. 2019) (quoting *Gideons Int'l, Inc. v. Gideon 300 Ministries, Inc.*, 94 F. Supp. 2d 566, 580 (E.D. Pa. 1999)).

Proving a violation of either Section 1114 or Section 1125 requires DHC to show: "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3rd Cir. 2000). The first two elements are easily satisfied here, because DHC has proffered its trademark-registration certificates, Doc. 1-2. *See Members First Fed. Credit Union v. Members 1st Fed. Credit Union*, 54 F. Supp. 2d 393, 403 (M.D. Pa. 1999) ("Registration of a mark under the Lanham Act constitutes *prima facie* evidence of a mark's validity and its ownership by the registrant.").

As for the third element, "[a] likelihood of confusion exists when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Pa. State Univ. v. Vintage Brand LLC*, 715 F. Supp. 3d 602, 639 (M.D. Pa. 2024) (quoting *A & H Sportswear*, 237 F.3d at 211). The Third Circuit has developed a multi-factor test to analyze the likelihood of confusion between marks. *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3rd Cir. 1983). When goods are in direct competition, however, courts need "consider only the similarity of the

marks themselves" in analyzing potential confusion. *A & H Sportswear*, 237 F.3d at 214.

Here, the products are direct competitors because, as alleged, "[both products] are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade." (Doc. 1, ¶ 32.) The high probability of confusion among these marks is evident. DHC is attempting to protect its "DEEP CLEANSING OIL" mark—which it uses on facial cleansers and makeup remover—against Forah's use of "Deep Cleansing Oil" on highly comparable skincare products. (*See* Doc. 1, ¶¶ 13, 19–20.) DHC's allegations easily establish a likelihood of confusion. Accordingly, DHC has established causes of action under the Lanham Act and Pennsylvania common law.

Turning to the *Chamberlain* factors, the court is satisfied that they weigh in favor of granting default judgment. The first *Chamberlain* factor asks whether denial of default judgment would prejudice DHC. Forah's infringement, if allowed to continue, would prejudice DHC because of potential damage to the goodwill DHC has established for its registered trademark. (*Id.* ¶ 35.) Further, DHC faces an ongoing detriment to its business due to DHC's inability to "control the nature of the quality of the goods offered by Forah." (*Id.*) It is clear that denying DHC default judgment would lead to continued harm to its business and hinder its ability to protect its trademark. *Cf. JUUL Labs, Inc. v. Zoey Trading LLC*, 21-cv-19299,

2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022) (finding denial of default judgment prejudicial to plaintiff in trademark infringement claim).

The second *Chamberlain* factor asks whether Forah has a litigable defense. "Where a party completely fails to respond to the claims against it, this factor weighs in favor of granting default .…" *Bugg*, 2020 WL 1675953, at *5. Since Forah has put forth no appearance nor defense in this action, it is unlikely Forah has a litigable defense.

Finally, the third *Chamberlain* factor asks whether Forah's delay is due to culpable conduct, meaning conduct "taken willfully or in bad faith." *Id.* A presumption of bad faith arises when "a defendant fails to respond to a complaint and offers no reason for its failure to engage in the action." *Id.*; *accord Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 933–34 (E.D. Pa. 2019) (finding failure to respond to complaint after being served properly is "culpable conduct"). Here, Forah was properly served and nevertheless failed to respond to the complaint. Default, therefore, is a product of Forah's culpable conduct. Having found that the *Chamberlain* factors weigh heavily in favor of default judgment, the court concludes that DHC is entitled to default judgment.

## B. Injunctive Relief

DHC seeks a permanent injunction enjoining Forah from infringing on DHC's "DEEP CLEANSING OIL" trademark. A party moving for a permanent

injunction must show: "(1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3rd Cir. 2019).

As to the first factor, DHC argues it "will suffer irreparable injury without the permanent injunction." (Doc. 29, p. 11.) "[L]oss of control of reputation, loss of trade, and loss of good will" are all bases that can give rise to irreparable harm. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3rd Cir. 1990). Here, the marks of the two companies are substantially similar and are used on the same type of skincare product. If allowed to continue, Forah's infringement of DHC's trademark and the resulting consumer confusion make it likely that DHC would suffer a loss of control of its reputation, loss of trade, and/or loss of good will. (*See* Doc. 1, ¶ 35.) This sufficiently satisfies the first factor.

For the second factor, the injuries mentioned above are the types of injuries that legal remedies cannot adequately address. *See Crocs, Inc. v. Dr. Leonard's Healthcare Corp.*, 21-cv-13583, 2022 WL 3754858, at *4 (D.N.J. Aug. 30, 2022) (explaining damage to reputation and good will did not have adequate remedy at law). Thus, this factor is also satisfied.

As to the third factor, the balance of harms weighs in DHC's favor. Any hardship Forah would experience from an injunction would simply be of Forah's

own making. *See Opticians*, 920 F.2d at 197 (stating that defendant "can hardly claim to be harmed, since it brought any and all difficulties occasioned by the issuance of an injunction upon itself"); *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, No. 08-cv-02662, 2009 WL 2147843, at *8 (D.N.J. July 15, 2009) (emphasizing that defendant would not be subject to harm from permanent injunction if it had not infringed plaintiff's mark). The third factor, therefore, weighs in favor of DHC.

Finally, for the fourth factor, the consumer confusion that trademark infringement creates is detrimental to public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 379 (3rd Cir. 1992). Accordingly, an injunction in this case to prevent ongoing trademark infringement would serve the public interest. Having satisfied the traditional four-part test for injunctive relief, DHC is entitled to a permanent injunction enjoining Forah's future trademark infringement.

## CONCLUSION

For the reasons set forth above, DHC is entitled to default judgment in the form of a permanent injunction enjoining Forah's future trademark infringement. Therefore, the court will grant DHC's motion. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: November 6, 2025